IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20208
Summary Calendar
_____

LUCRECIA LYNN MONROE, a/k/a Lucretia Lynn Monroe,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEP'T OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CV-3747
- - - - - - - - - -
May 5, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Lucrecia Lynn Monroe, Texas prisoner #422039, appeals from the dismissal of her prisoner's civil rights action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Monroe contends that prison officials violated the Due Process and Equal Protection Clauses by depriving her of access to $25 in her prison trust fund account while her trust fund was under hold.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regarding Monroe's due process contention, we have reviewed the record and the briefs of the parties and we find Monroe's contention frivolous for essentially the same reasons relied upon by the district court. Regarding Monroe's equal protection contention, the hold on Monroe's trust fund was rationally related to a legitimate state interest in preserving Monroe's funds until forfeiture proceedings were completed. There was no equal protection violation. *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 559 (1997).

The district court denied Monroe's current action for failure to state a claim. The district court previously dismissed as frivolous a civil action brought by Monroe. Because we dismiss the current appeal as frivolous, Monroe may not proceed *in forma pauperis* (IFP) in civil actions or appeals unless she is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2.